IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LIZETTE MARA PEGUES, individually and on behalf of a class of all others similarly situated, )))))) | |
| Plaintiffs, ))) | |
| v. ))) | Case No. 12-CV-2484-CM |
| CARECENTRIX, INC., )))) | |
| Defendant. ))) | |

## MEMORANDUM AND ORDER

Plaintiff Lizette Mara Pegues, individually and on behalf of all others similarly situated, alleges that defendant CareCentrix, Inc. violated the Fair Labor Standards Act ("FLSA") by failing to keep accurate records and by failing to pay overtime compensation. This matter is before the court on defendant's motion to dismiss and for more definite statement (Doc. 3). Because plaintiff's complaint sufficiently alleges each element of her FLSA claims so as to inform defendant of the claims and their general basis, the court denies defendant's motion.

**Motion to Dismiss**

Although plaintiff's one-count complaint alleges violations of the FLSA, it also includes stray references to Kansas law and class-action relief. (Doc. 1 at 1–2.) Defendant moves to dismiss her state law claims and her class-action claims on the grounds that plaintiff failed to allege any facts supporting such claims. In response, plaintiff reiterates that her sole claim is a collective action under

the FLSA and that she is not asserting any claim under Kansas law.  (Doc. 10 at 1–2.)  The court accepts plaintiff's representation about her complaint and, because the court cannot dismiss claims that are not being asserted, denies defendant's motion on these issues.

Defendant also moves to dismiss plaintiff's FLSA claim for unpaid overtime because plaintiff does not allege the specific amount of time she actually worked during the relevant time period or the specific amount of time she contends qualifies as lost overtime.  Some federal courts require plaintiffs to plead the facts demanded by defendant.  *See, e.g.*, *Zhong v. August Corp.*, 498 F. Supp. 2d 625, 628 (S.D.N.Y. 2007) (explaining that "the complaint should, at least approximately, allege the hours worked for which these wages were not received").  But this court does not think the federal rules require such detail.

The purpose of Rule 8(a) is to give the opposing party fair notice of the claim and grounds upon which it rests.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Here, plaintiff's eleven-page complaint puts defendant on notice that she is alleging that defendant violated the FLSA overtime compensation provision by requiring her and others similarly situated to perform tasks before and after their shifts (e.g., logging on to computers, booting up programs, shutting down programs, etc.) for which they were not compensated even though these required tasks caused them to work in excess of forty hours in a workweek.

These allegations sufficiently inform defendant of plaintiff's FLSA unpaid overtime claim and its general basis.  *See Kan. Penn Gaming LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (explaining that the nature and specificity of allegations required to put the other party on notice varies based on context); *Spears v. Mid-Am. Waffles, Inc.*, No. 11-2273-CM, 2011 U.S. Dist. LEXIS 145014, at *6 (D. Kan. Dec. 16, 2011) (quoting *Sec'y of Labor v. Labbe*, 319 F. App'x 761, 763 (11th Cir. 2008)) (explaining this court's view on the level of detail required for an FLSA claim); *see also*

*McDonald v. Kellogg Co.*, No. 08-2473-JWL, 2009 U.S. Dist. LEXIS 37365, at *6 (D. Kan. Apr. 27, 2009) (determining that complaint satisfied Rule 8(a) because "plaintiffs have alleged that defendant has violated the FLSA through its policy and practice of refusing to pay employees, including plaintiffs, the appropriate rate for hours worked in excess of forty hours per week"). Nothing more is required.

Defendant's final argument is that plaintiff's alternative claim for an unintentional FLSA violation is implausible because application of the two-year limitations period for this alleged violation limits the period for which plaintiff could claim lost pay to only four work days. But this argument relies on facts not alleged in the complaint, and defendant identifies no exception by which the court can consider this additional material in a motion to dismiss. *See Alexander v. Oklahoma*, 382 F.3d 1206, 1213–14 (10th Cir. 2004) (explaining that in ruling on a motion under 12(b)(6) the court must either exclude materials outside of the pleadings or convert the motion to one for summary judgment). Therefore, the court denies defendant's motion on this issue.

**Motion for More Definite Statement**

Defendant also moves for a more definite statement arguing that several of plaintiff's allegations are inconsistent and ambiguous. Motions for more definite statement are generally disfavored in light of the liberal discovery available under the federal rules and are granted only when a party is unable to determine the issues requiring a response. *Resolution Trust Corp. v. Thomas*, 837 F. Supp. 354, 355 (D. Kan. 1993). As explained above, the court disagrees with defendant about the level of detail plaintiff's complaint must include. And, upon review, plaintiff's complaint is not so vague that defendant cannot reasonably be required to respond it. As such, the court denies defendant's motion for more definite statement.

**IT IS THEREFORE ORDERED** that Defendant CareCentrix, Inc.'s Motion To Dismiss And For A More Definite Statement (Doc. 3) is denied.

Dated this 17th day of January, 2013, at Kansas City, Kansas.

\_\_s/ Carlos Murguia_____
**CARLOS MURGUIA**
United States District Judge