IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LIZETTE MARA PEGUES, individually )
and on behalf of a class of all others similarly )
situated, )
 )
                Plaintiff, )
 )
v. )
 ) Case No. 12-2484-CM
 )
CARECENTRIX, INC., )
 )
                Defendant. )
 )

## MEMORANDUM AND ORDER

Plaintiff Lizette Mara Pegues brings this putative collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, claiming that her former employer—defendant CareCentrix, Inc.—requires non-exempt employees to perform work off the clock, without pay. Plaintiff worked as a Medicare Assessment Coordinator for defendant in a call center in Overland Park, Kansas. She was part of the Medicare Assessment Team, which was a group formed on a trial basis in 2010. Defendant has five call centers located throughout the country. According to plaintiff, she and other similarly-situated employees were required to complete a number of critical tasks before they could clock in via defendant's time-tracking software. This matter is before the court on plaintiff's Motion for Conditional Class Certification of Class Claims Under § 216(b) of the FLSA (Doc. 16). For the following reasons, the court grants the motion in part and denies it in part.

**I. Legal Standards**

Conditional certification of a class under the FLSA requires compliance with the FLSA class action mechanism, which states: "An action to recover the liability prescribed in either of the preceding

-1-

sentences may be maintained . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Whether an employee may maintain a § 216(b) class action, then, depends on whether he or she is "similarly situated" to other members of the putative class. Although § 216(b) does not define the term "similarly situated," the Tenth Circuit has endorsed the ad hoc method of determination. *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001).

Under the ad hoc method, "a court typically makes an initial 'notice stage' determination of whether plaintiffs are 'similarly situated.'" *Id.* at 1102 (citation omitted). This initial determination "'require[s] nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan.'" *Id.* (citation omitted); *see also Hadley v. Wintrust Mortg. Corp.*, No. 10-2574-EFM, 2011 WL 4600623, at *2 (D. Kan. Oct. 3, 2011); *Shockey v. Huhtamaki, Inc.*, 730 F. Supp. 2d 1298, 1300 (D. Kan. 2010). This standard is a lenient one. *Williams v. Sprint/United Mgmt. Co.*, 222 F.R.D. 483, 485 (D. Kan. 2004).

"Because the court has minimal evidence, [the notice stage] determination . . . typically results in 'conditional certification' of a representative class." *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995). The "similarly situated" standard is considerably less stringent than Rule 23(b)(3) class action standards. *Grayson v. K-Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996). Ordinarily, the court makes the determination fairly early in the litigation, before the parties complete discovery. *Brown v. Money Tree Mortgage, Inc.*, 222 F.R.D. 676, 679 (D. Kan. 2004). And in making the determination, the court does not reach the merits of the plaintiff's claims. *Renfro v. Spartan Computer Servs., Inc.*, 243 F.R.D. 431, 435 (D. Kan. 2007); *Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249, 262 (S.D.N.Y. 1997) (citation omitted). But a plaintiff must provide more than speculative allegations. *Stubbs v. McDonald's Corp.*, 227 F.R.D. 661, 666 (D. Kan. 2004). And "conclusory and general

allegations" are insufficient. *Blancarte v. Provider Plus, Inc.*, No. 11-2567-JAR, 2012 WL 4442641, at *4 (D. Kan. Sept. 26, 2012).

The court must therefore determine whether plaintiff has offered substantial allegations that members of the putative class are similarly situated. As suggested above, a plaintiff can demonstrate that she and putative class members are similarly situated by showing that they were subject to a common policy. *Brown*, 222 F.R.D. at 679; *Hoffman*, 982 F. Supp. at 261 ("[C]ourts have held that plaintiffs can meet this burden by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law.").

**II. Plaintiff's Allegations**

Plaintiff alleges that defendant uses software for payroll and timekeeping called "Timesaver." Timesaver has a time stamp functionality. According to plaintiff, defendant's use of Timesaver, coupled with the policies implemented for its use, facilitated violations of the FLSA.

After beginning her employment, plaintiff received an email from Jamie Rosenkoetter, defendant's Vice President for Human Resources. The email was directed to "All KS Users," and instructed that "[a]ll non-exempt associates will be required to time stamp into Timesaver upon arriving at work, leaving for lunch, returning from lunch and leaving at the end of the day." (Doc. 1-2 at 1.) A second email from Kaye Newsome—an Area Vice President located at the Overland Park, Kansas office—also sent to "All KS Users," stated, "We will be using the timestamp feature to determine if you are 'late' as defined in the Attendance Guidelines. . . . [I]f your shift begins at 8:00am, your timestamp should reflect 8:00am. . . . [I]f your shift ends at 5:00, you should be . . . time stamped out at 5:00." (Doc. 1-3 at 1.)

Before "time stamping" into Timesaver, plaintiff alleges employees had to complete a "number of critical tasks." The critical tasks that plaintiff identifies are:

- Arrive at workstations

- Prepare work stations and apparatuses

- Log onto computers

- Log onto the CareCentrix network

- Boot up Timesaver

Plaintiff claims that defendant failed to pay class members "for the time they spend logging in and out of their computers, the time they spend with any updates to the computer program, and the rest of the time they spend performing integral and indispensable preliminary and postliminary work activities." (Doc. 1 at 5.) In response to a question from plaintiff about the Timesaver system, Ms. Newsome instructed plaintiff:

> You should be here a few minutes early every morning to get your computer up and running in order to be logged in at your start time, this typically doesn't take more than 2-3 minutes. It takes less time when coming back from lunch. You will be paid for the actual time you have logged in [Timesaver].

(Doc. 1-4 at 1.)

Arguing that the above-identified statements by Ms. Rosenkoetter and Ms. Newsome constitute company policy, plaintiff submits that the putative class should be comprised of the following members:

> All current and former customer service representatives who worked in CareCentrix's call centers and who were denied compensation for time worked and whose hours worked were not accurately recorded, including denial of compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty in a workweek.

(Doc. 1 at 6–7.)

### III. Analysis

At this early stage of the case, the above allegations are sufficient to warrant conditional certification for similarly situated employees. A number of courts have reviewed comparable

allegations and determined that conditional certification is appropriate. *See, e.g.*, *Byard v. Verizon W. Va.*, 287 F.R.D. 365, 371 (N.D. W. Va. 2012) (collecting cases discussing clock-in procedures). Defendant urges the court to deny conditional certification by applying the "*de minimus*" exception. *See Reich v. Monfort, Inc.*, 144 F.3d 1329, 1333 (10th Cir. 1998) ("[A] few seconds or minutes of work beyond the scheduled working hours . . . may be disregarded. Split-second absurdities are not justified. . . ."). Defendant ultimately may be correct that the exception should apply in this instance. But the time to consider this exception is after the class is conditionally certified—not during the conditional certification process. *See Renfro*, 243 F.R.D. at 435 ("On the motion for conditional certification . . . the Court will not reach the merits of plaintiffs' claim.") (citation omitted).

The court therefore turns to the question of who is similarly situated to plaintiff. Without factual support, plaintiff alleges that defendant has the same policy at all of its call centers. Eventually, defendant rolled out the Timesaver program companywide. But plaintiff was no longer employed by defendant at that time. Defendant employed plaintiff as part of a trial unit that was disbanded in December 2010. The Medicare Assessment Team existed for ten months as a stand-alone group in Kansas. But the chain-of-command was different than that of other groups, as were the services provided. And defendant piloted the Timesaver program exclusively in its Overland Park, Kansas office between July 17, 2010 and August 28, 2010. Plaintiff's employment was terminated on August 4, 2010. In addition, the emails that plaintiff offers as evidence of a company-wide policy were either sent only to Kansas users, or to plaintiff alone.

Plaintiff purports to represent employees nationwide, yet she only experienced a pilot program of the software in a unit that was disbanded after plaintiff left. The email to "All KS Users" about Timesaver and the email sent only to plaintiff simply are insufficient to establish any level of company-wide policy—particularly because they were sent before Timesaver was rolled out to all

locations. Plaintiff does not offer any firsthand knowledge of practices in other units or locations. She offers no more than conclusory and general allegations. These do not equate to "substantial" allegations. The term "substantial" must carry some weight or it is rendered meaningless. While the court will not look into the specifics of the various job duties at different locations at this stage of the case, plaintiff must make some minimal showing that she is similarly situated to other employees. *See generally Heeg v. Adams Harris, Inc.*, No. 12-00684, 2012 WL 5381767, at *5 (S.D. Tex. Oct. 31, 2012).

Plaintiff has not met her burden of submitting "substantial allegations" that she was similarly situated to employees outside of the Medicare Assessment Team. Plaintiff has presented sufficient evidence to show that her unit may have been subjected to FLSA violations, but she has not shown the same for any of the other facilities. *See, e.g.*, *Braun v. Superior Indus. Int'l*, No. 09-2560-JWL, 2010 WL 3879498, at *6 (D. Kan. Sept. 28, 2010) (granting conditional certification for only one facility because the plaintiffs did not have any knowledge of the practices in other locations); *see also Hobbs v. Tandem Envt'l Solutions, Inc.*, No. 10-1204-KHV, 2011 WL 484194, at *2 (D. Kan. Feb 7, 2011) (holding that the plaintiff did not make allegations of a company-wide policy, but only for one district). The court therefore grants plaintiff's motion in part and denies it in part.

**IV. Notice**

In light of the court's decision, notice must be sent to potential class members. The notice that plaintiff proposed, however, relates to all employees—not just those in plaintiff's unit. The parties are therefore ordered to meet and confer in an attempt to reach agreement on the form and substance of the proposed notice to potential class members in her unit (including a proposed deadline for the potential opt-in plaintiffs to join this action by filing consents with the court). If the parties reach an agreement, then they must submit the proposed notice to the court for approval within fourteen days of the court's

order.  If the parties are unable to reach an agreement, plaintiff must file a motion within fourteen days of the date of this order seeking approval of her proposed form of notice.  Defendant must then file its objections to plaintiff's proposed notice and submit an alternate proposed form of notice within seven days of plaintiff's motion seeking approval of her proposed notice.  To facilitate mailing of the notice, defendant, within fourteen days of the court approving the notice, must provide to plaintiff a list of all employees constituting the class, with their last known addresses, phone numbers, social security numbers, and dates of employment in an agreeable format for mailing.

## V.  Notice Period

Plaintiff requests that the court approve a three-year notice period because defendant acted in a willful manner.  Defendant responds that plaintiff's allegations are insufficient to warrant a notice period exceeding two years.  A three-year notice period is appropriate in this instance.  Plaintiff's allegations sufficiently suggest willfulness to justify extension of the period.  *See Gambrell v. Weber Carpet, Inc.*, No. 10-2131-KHV, 2010 WL 5288173, at *2 (D. Kan. Dec. 17, 2010) (internal citations omitted) ("Courts in this district appear to approve three-year notice periods based on concl[u]sory allegations of willfulness, and leave substantive willfulness determinations for later in the case.").

## VI. Equitable Tolling

Finally, plaintiff asks the court to apply equitable tolling to extend the opt-in time.

> In civil actions, this court has applied equitable tolling when the defendant's conduct rises to the level of active deception; where a plaintiff has been lulled into inaction by a defendant, and "[l]ikewise, if a plaintiff is actively misled or has in some extraordinary way been prevented from asserting his or her rights."

*United States v. Clymore*, 245 F.3d 1195, 1199 (10th Cir. 2001) (quoting *Biester v. Midwest Health Servs., Inc.*, 77 F.3d 1264, 1267 (10th Cir. 1996)).  It may apply when "extraordinary circumstances" exist that made it "impossible" for the plaintiff(s) to file a timely lawsuit.  *Id.*  Tolling is reserved for situations "when [a plaintiff] diligently pursues [her] claims and demonstrates that the failure to timely

file was caused by extraordinary circumstances beyond [her] control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).

Plaintiff has not shown that equitable tolling is warranted here. She has offered no allegations or evidence suggesting that timely joining the lawsuit would be impossible or that defendant took any action to create such impossibility. This request is denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Conditional Class Certification Under § 216(b) of the FLSA (Doc. 16) is denied in part and granted in part.

**IT IS FURTHER ORDERED** that the parties must meet and confer in an attempt to reach agreement on the form and substance of the proposed notice to potential class members (including a proposed deadline for the potential opt-in plaintiffs to join this action by filing consents with the court). If the parties reach an agreement, then they must submit the proposed notice to the court for approval within fourteen days of the court's order. If the parties are unable to reach an agreement, plaintiff must file a motion within fourteen days of the date of this order seeking approval of her proposed form of notice. Defendant must then file its objections to plaintiff's proposed notice and submit an alternate proposed form of notice within seven days of plaintiff's motion seeking approval of her proposed notice. To facilitate mailing of the notice, defendant, within fourteen days of the court approving the notice, must provide to plaintiff a list of all employees constituting the class, with their last known addresses, phone numbers, social security numbers, and dates of employment in an agreeable format for mailing.

Dated this 6th day of May, 2013, at Kansas City, Kansas.

        s/ Carlos Murguia
        **CARLOS MURGUIA**
        **United States District Judge**