# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

LIZETTE MARA PEGUES, individually )
and on behalf of a class of all others similarly )
situated, )
                                                                    )
                      **Plaintiff,**          )
                                                      )
**v.**                                                          )
                                                    )         **Case No. 12-2484-CM**
                                                    )
**CARECENTRIX, INC.,**                 )
                                                    )
                     **Defendant.**        )
                                                    )

## MEMORANDUM AND ORDER

Plaintiff Lizette Mara Pegues brings this putative collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, claiming that her former employer—defendant CareCentrix, Inc.—requires non-exempt employees to perform off-the-clock work, without pay. In May 2013, the court granted, in part, plaintiff's motion for conditional class certification. The case is now before the court on Plaintiff's Motion for Approval of Proposed Notice to Class Members (Doc. 26). Defendant raises seven objections to plaintiff's proposed notice. The court addresses each of defendant's objections below, bearing in mind that the court uses plaintiff's proposed notice as a starting point. *See Heitmann v. City of Chicago*, No. 04-C-3304, 2004 WL 1718420, at *3 (N.D. Ill. July 30, 2004) ("The Court has both the power and the duty to ensure that the notice is fair and accurate, [but] that power should not be used to alter plaintiffs' proposed notice unless such alteration is necessary." (citation omitted)).

### 1. Language about Class Definition

First, defendant asks the court to put a temporal limit on the way plaintiff describes potential class members in the proposed notice. Plaintiff identifies potential class members as including "customer service representatives who worked in CareCentrix's Medicare Assessment Team in Overland Park, Kansas on or after July 17, 2010." Defendant states that the description should be limited to those individuals who worked for the Medicare Assessment Team from July 17, 2010 until December 31, 2010 (when the unit was disbanded).

The court understands that the unit was disbanded in December 2010. But the court does not believe it necessary to include an ending date in the notice. If the unit no longer existed, then individuals could not have worked in the unit after that date. Defendant's objection is overruled.

### 2. Affiliation between Plaintiff, Counsel, and the Court

Second, defendant contends that plaintiff improperly suggests an affiliation between plaintiff, her counsel, and the court by stating, "The federal court has designated Plaintiff as representative and [has] designated her attorneys as class counsel for the lawsuit." Defendant is correct: the court inadvertently neglected to designate plaintiff as class representative and her counsel as class counsel when it granted conditional certification. This was oversight, however. Plaintiff did ask the court to do so in its motion for conditional certification. But the court did not formally address the request. The court does so now, designating plaintiff as class representative and plaintiff's counsel as class counsel. Defendant's objection is overruled.

### 3. Allegations Treated as Facts

Next, defendant argues that plaintiff's proposed notice treats her allegations as established facts by stating, "The lawsuit against CareCentrix seeks to recover this unpaid compensation for class members." Defendant denies that unpaid compensation exists. The court believes it appropriate to add

the word "allegedly" before "unpaid compensation," to read: "The lawsuit against CareCentrix seeks to recover this allegedly unpaid compensation for class members." Defendant's objection is sustained.

**4. Possible Assessment of Costs**

Fourth, defendant has two complaints about the treatment of costs in plaintiff's proposed notice. It claims that the notice should state "If you elect to join this matter, you will not be responsible for any attorney's fees or expenses incurred by the Plaintiff on behalf of herself or on your behalf" instead of merely "incurred by the Plaintiff." They also point out that plaintiff's proposed notice fails to indicate how costs will be handled if assessed against plaintiffs.

The court agrees with defendant on both points. The clarifying language identified above is accurate and gives the potential class members a better understanding of how attorney's fees and expenses will be handled. In addition, an award of costs is possible, making a warning about the assessment of costs appropriate. *See Allen v. Mill-Tel, Inc.*, No. 11-1143-EFM, 2012 WL 2872160, at *7 (D. Kan. July 12, 2012) (citation omitted); *Creten-Miller v. Westlake Hardware, Inc.*, No. 08-2351-KHV, 2009 WL 2058734, at *4 (D. Kan. July 15, 2009). The court acknowledges that, in the past, it has declined to direct that language about costs be included, *see, e.g.*, *Gieseke v. First Horizon Home Loan Corp.*, No. 04-2511-CM, 2006 WL 2919076, at *2 (D. Kan. Oct. 11, 2006), but in light of the relatively small potential damages in this case and given the development of the law since *Gieseke*, the court believes that costs should be addressed in this particular notice. Plaintiff should add the language "If you do not prevail on your claim, court costs and expenses may possibly be assessed against you" to the notice. Defendant's objections are sustained in part, although the court has modified the language proposed by defendant.

### 5. Length of Opt-In Period

Fifth, defendant claims that the proposed opt-in period (120 days) is excessive and that 60 days is adequate. The court agrees that 120 days is too long—particularly given the limited number of potential class members—but determines that 90 days is a more reasonable time limit than 60 under the circumstances of this case. The court overrules defendant's objection in part and sustains it in part.

### 6. Language of Notice

Sixth, defendant claims that plaintiff's proposed notice contains ambiguous language, typos, and confusing writing. Defendant does not specifically identify what it wants changed; it has just submitted its alternate proposed notice and asked the court to adopt it. The court noticed a number of typos in the notice, as well, but does not believe it to be the duty of the court to make non-substantive corrections—especially in a situation like this one, when defendant failed to specifically identify the proposed corrections. The notice is plaintiff's. The court will not wholesale adopt defendant's proposed notice or change the default starting point. This objection is overruled.

### 7. Return of Consents

Finally, defendant argues that consents should be returned to the court—not to plaintiff's counsel. The court fails to see the necessity for this alteration. Notices are often returned to counsel, leaving counsel responsible for filing them with the court. To the extent that the court held otherwise in *Clayton v. Velociti, Inc.*, the ruling was as a result of apparent agreement by the parties. No. 08-2298-CM, 2009 WL 304190, at *3 (D. Kan. Feb. 9, 2009). Defendant's seventh objection is overruled.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Approval of Proposed Notice to Class Members (Doc. 26) is granted in part and denied in part. Plaintiff shall revise the notice in accordance with this Memorandum and Order before distributing.

Dated this 10th day of July, 2013, at Kansas City, Kansas.

>s/ Carlos Murguia
>**CARLOS MURGUIA**
>**United States District Judge**